# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | No. 08-03057–01-CR-S-DGK |
| JERRY LEE GIBSON, | ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is defendant's Motion to Dismiss, [Doc. # 16], to which the government has responded. [Doc. # 17].

Defendant is charged in a one-count indictment, returned June 3, 2008, in which he is charged with violating 18 U.S.C. § 641. It is alleged that from in or about October, 2000, through in or about November 2006, "as part of a single course of conduct and scheme," defendant voluntarily, intentionally, and knowingly embezzled, stole, purloined, and converted money of the United States Social Security Administration ["SSA"] in excess of $70,000. In the motion to dismiss the indictment, defendant contends that any conduct alleged prior to June 3, 2003, five years before the date of the indictment, should be barred from prosecution by the statute of limitations. Defendant submits that the alleged crime is not one of a continuing nature.

Defendant relies on <u>Toussie v. United States,</u> 397 U. S. 112, 115 (1970), which held that, "unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one," then the offense should not be considered a continuing one. Defendant asserts that no such explicit language exists in § 641, as there is no express authority

extending the statute of limitations beyond the five year period set forth in 18 U.S.C. § 3282. Defendant contends that the nature of the offense charged is not such that Congress intended that it be treated as a continuing one. Because the matter has not been addressed by the Eighth Circuit Court of Appeals, defendant urges the result in an unpublished decision, United States v. Pease, 2008 WL 808683 (D. Ariz. March 24, 2008). In Pease, a district judge concluded that a violation of § 641 did not constitute a continuing offense, by examining whether the statute describes an offense that by its nature continues after the elements have been met. Defendant acknowledges, however, that the Fourth Circuit Court of Appeals, in a case directly on point with the instant case, reached the opposite result. United States v. Smith, 373 F.3d 561 (4th Cir. 2004).

It is the government's position that the crime of knowingly embezzling, stealing purloining, and converting money belonging to the SSA in excess of $1,000 under § 641 is a crime of a continuing nature under Toussie, and therefore, that acts which occurred outside the applicable five-year statute of limitations under § 3282 can be considered.

18 U.S.C. § 3282 provides, in pertinent part, that an indictment generally must be instituted within five years after an offense has been committed. In Toussie, the Supreme Court held that by enacting § 3282, Congress "has declared a policy that the statute of limitations should not be extended 'except as otherwise provided by law.'" 397 U.S. at 115 (quoting 18 U.S.C. § 3282).

While conceding that there is no explicit statutory language that extends the applicable statute of limitations to § 641, the government asserts that the nature of the crime, which was yearly embezzling of funds from the SSA, is an ongoing conversion of money, which is the type of crime Congress envisioned would be continuing in nature. The holding of Smith is relied

upon, wherein the Fourth Circuit Court of Appeals stated that:

> where the defendant created a recurring, automatic scheme of embezzlement under section 641 by conversion of funds voluntarily placed in the defendant's possession by the government, and maintained that scheme without need for affirmative acts linked to any particular receipt of funds. . . we think that Congress must have intended that such be considered a continuous offense for the purposes of the statute of limitations.

373 F.3d at 567-68. It is asserted that defendant conducted the same activity as the defendant in Smith, in that he knowingly chose not to inform the SSA of his live-in relationship with Jo Ann Robbins, or his marriage to her in October of 2000, knowing that the relationship would affect the payments he received from the SSA. Because his failure to notify the SSA of his relationship with Robbins was an ongoing act of conduct, continuing in nature, and because it involved no other affirmative acts by defendant to effect the embezzlement, the government asserts that the offense should be considered a continuous one for purposes of the statute of limitations.

The Court has fully reviewed the arguments of the parties, applicable case law, and the statute in question. After careful review, it is the Court's finding that the government's position is correct, and that the offense in this case should be deemed to be a continuing offense.

In Toussie, the Supreme Court held that the offense of failing to register for the draft was not a continuing offense and that the return of an indictment against Toussie more than five years after the date he was required, but failed, to register was untimely under 18 U.S.C. § 3282. The Court noted that the purpose of the criminal statute of limitations is to protect individuals from having to defend conduct of the "far-distant past." 397 U.S. at 115. Therefore, "criminal limitations statutes are to be liberally interpreted in favor of repose." Id. (internal quotations and citations omitted). This means that a statute of limitations normally will begin to run when the crime is complete, unless the crime charged is deemed to be a continuing offense. The Court held that the continuing offense doctrine is applicable if the explicit language of the substantive

criminal statute compels such a conclusion, or if the nature of the crime involved is such that Congress would "assuredly have intended that it be treated as a continuing one." Id.

In this case, the parties agree that there is no explicit language in § 641 that compels a conclusion that the delineated offense is a continuing one. Therefore, the first prong of Toussie is not met. Under the second prong, however, the Court finds that the test is satisfied As in Smith, defendant in the instant case is charged with creating a recurring, automatic scheme of embezzlement under § 641 by conversion of funds voluntarily placed in his possession by the government, and maintained that scheme without any need for affirmative acts linked to any particular receipt of funds. He effectuated this scheme by failing to notify the SSA of his relationship with Robbins, which would have affected the payments he was receiving from the SSA. As recognized by the Fourth Circuit, that failure to notify was an ongoing act of conduct, which involved no other affirmative act by defendant to effect the embezzlement, and which was, therefore, continuing in nature. In addition to the well-reasoned holding of Smith, language in an earlier Fourth Circuit Case is also instructive. In United States v. Blizzard,, 27 F.3d 100 (4th Cir. 1994), the Fourth Circuit held that the offense of knowingly concealing and retaining stolen government property constitutes a continuing offense. The Court noted that despite Toussie's lesson that a criminal statute of limitations should be liberally applied in favor of repose, the nature of the offense of knowingly concealing and retaining stolen government property was evidence that Congress intended for that offense to be a continuing one, and does not subject a defendant to prosecution for acts in the far-distant past. Id. at 102.

The Court agrees with the rationale of the Fourth Circuit's holding in Smith that Congress intended that a violation of § 641 be treated as a continuous offense. Therefore, it must be recommended that defendant's Motion to Dismiss be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

**RECOMMENDED** that defendant's Motion to Dismiss the Indictment should be denied.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: September 12, 2008